IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**GODFREY STEPNEY**                                                                                    **PLAINTIFF**

v.                                                            CIVIL ACTION # 2:07cv250-KS-MTP

**CITY OF COLUMBIA;** and
**DAVID HUBER,** in both his
individual and official capacity                                                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion to dismiss for insufficient service of process [Doc. # 15] filed by Defendant City of Columbia. City of Columbia contends that the Plaintiff failed to comply with the Mississippi Rules of Civil Procedure because it did not serve a copy of the summons and complaint on the Municipal Clerk of the City of Columbia. Because the Plaintiff has demonstrated "good cause" for failing to properly effect service, the motion to dismiss should be **denied**.

## I. BACKGROUND

### A. Facts

Plaintiff's process server served a copy of the summons and complaint on Pearlie Magee, a city employee, at the City Hall for the City of Columbia. Pl.'s Ex. B ¶ 5 [Doc. #21-3] (August 8, 2008). The process server, Terry Buckley, served Magee based on his misapprehension that Magee was the Municipal Clerk for the City of Columbia. *See id.* In reality, Magee is the Municipal Court Clerk and has never had the authority to accept service of process for the City of Columbia. Def.'s Ex. B ¶ 2 [Doc. #15-3] (July 18, 2008); Def.'s Ex. A ¶ 2 [Doc. #15-2] (July

18, 2008).

Buckley's confusion stemmed from erroneous information provided to a paralegal employed by Plaintiff's counsel. *See* Pl.'s Ex. B ¶ 5 [Doc. #21-3] (August 8, 2008). The paralegal, Angie Mooney, had contacted the City of Columbia in an attempt to determine the identity of the City of Columbia's Municipal Clerk. Mooney dialed the city's general phone number and asked "who the Clerk was for the City of Columbia," stating that she had a summons she needed to serve. Pl.'s Ex. C ¶ 8 [Doc. #21-4] (August 8, 2008). The city employee replied, "Oh, you need Pearlie Magee, she's the Clerk." *Id.* Mooney relayed this information to Buckley, who served Magee on March 26, 2008. Pl.'s Ex. B ¶ 5 [Doc. #21-3] (August 8, 2008).

### B. Procedural History

Plaintiff filed suit on October 11, 2007, and filed a motion for extension of time to effect service of process in January 2008. [Docs. #1, #4]. Magistrate Judge Parker granted the motion, ultimately allowing Plaintiff until June 15, 2008, to effect service. [Doc. #5]. Plaintiff filed the executed return on the summons, served on Magee, on June 13, 2008. [Doc. #7]. On June 16, 2008, the Clerk of Court indicated that the proofs of service were attached to unissued summons; the Plaintiff corrected the defect that same day. [Docs. #8, #9].

City of Columbia first raised the defense of improper service of process in its answer, which it filed on July 14, 2008. *See* Def.'s Ans. ¶ 34 [Doc. #13]. City of Columbia filed the instant motion on July 18, 2008. [Doc. #15].

## II. STANDARD OF REVIEW

"[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). Under the Federal Rules of Civil Procedure, a state, municipal corporation, or other state-created governmental organization must be served by either: "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." FED. R. CIV. P. 4(j)(2). In Mississippi, service can be made by "delivering a copy of the summons and complaint to the mayor or municipal clerk of said municipal corporation." MISS. R. CIV. P. 4(d)(7).

If a plaintiff fails to timely effect service on a defendant, a court must either "dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). If the plaintiff shows "good cause" for the failure, "the court must extend the time for service for an appropriate period." *Id.*

"[G]ood cause" under Rule 4(m) requires:

> **at least** as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of "good faith on the part of the party seeking an enlargement **and** some reasonable basis for noncompliance within the time specified" is normally required.

*Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)).

Courts may exercise their "discretionary power to extend time for service . . . 'if the applicable statute of limitations would bar the refiled action, or if the defendant is evading

service or concealsa defect in attempted service.' " *Newby v. Enron Corp.*, No. 06-20658, 2008 WL 2605118, at *2 (5th Cir. July 2, 2008) (unpublished) (quoting FED. R. CIV. P. 4(m) advisory committee's note (1993)).  Several courts in this circuit have indicated that "[d]ismissal is inappropriate when there exists a reasonable prospect that service may yet be obtained, whereupon the district court should, at most, quash service, allowing the plaintiff to effect proper service." *Skiba v. Love*, No. 1:07CV481, 2008 WL 700183, at *2 (S.D.Miss. Mar. 13, 2008) (citing *Amous v. Trustmark Nat'l Bank*, 195 F.R.D. 607, 610 (N.D.Miss. 2000)).  Nonetheless, "dismissal is not unwarranted simply because the limitations period has run." *McDonald v. United States*, 898 F.2d 466, 468 (5th. Cir.1990).  Similarly, "it is not determinative that the . . . government [received] sufficient notice or actual knowledge of the suit. . . . [or] that the government was not prejudiced by the late service." *McGinnis v. Shalala*, 2 F.3d 548, 551 (5th Cir. 1993) (per curiam).

### III.  APPLICATION AND ANALYSIS

As counsel for Plaintiff all but concedes, Plaintiff has not met its burden of establishing the validity of its service on City of Columbia.  *See* Pl.'s Br. at 4 [Doc. #22].  Plaintiff has established only that it served a copy of the summons and complaint on Magee.  Through affidavit testimony, City of Columbia has established that Magee is neither the Municipal Clerk of the City of Columbia nor otherwise authorized to receive service of process for the City of Columbia.  *See* Def.'s Ex. A ¶ 2 [Doc. #15-2] (July 18, 2008); Def.'s Ex. B ¶ 2 [Doc. #15-3] (July 18, 2008).  Thus, this court finds that the Plaintiff failed to effect valid service on City of Columbia.

Consequently, this court must determine whether Plaintiff had "good cause" for its failure. As stated above, Plaintiff's special process server served Magee because he believed her to be the Municipal Clerk of the City of Columbia. Thus, Plaintiff's counsel attempted to abide the Mississippi procedural requirement that service be made on the Municipal Clerk. *See* MISS. R. CIV. P. 4(d)(7). Moreover, by contacting the City of Columbia to determine the Municipal Clerk's identity, Plaintiff's counsel made a good faith attempt to comply with the procedural requirements. If counsel's reliance on the information provided by the city employee was negligent, it was certainly of the excusable variety and constitutes a reasonable basis for noncompliance. Because Plaintiff made a good faith attempt to properly effect service and has demonstrated a reasonable basis for noncompliance, Plaintiff has established "good cause." As a result, Plaintiff is entitled to an extension for an appropriate amount of time to properly serve City of Columbia.

City of Columbia contends that this court is bound by *Way v. Mueller Brass Co.*, 840 F.2d 303 (5th Cir. 1988), and therefore must dismiss Plaintiff's claims. *See* Def.'s Br. at 4 [Doc. #16] (July 18, 2008). *Way*, however, is distinguishable from the case at bar. In *Way*, plaintiff's counsel had reason to know that its service had been defective for over four months by the time the motion to dismiss was filed. Nonetheless, the plaintiff had not reattempted to effect valid service. *Id.* at 306. As a result, the court concluded that counsel did not have "good cause" for failing to effect service. *Id.* In this case, on the other hand, there is no indication that Plaintiff's counsel should have realized its error before the instant motion was filed (which occurred after the deadline for service had passed). City of Columbia filed its answer only four days before its

motion to dismiss[1] and, even then, included no specific facts that should have alerted Plaintiff's counsel to its error.  *See* Def.'s Ans. ¶ 34 [Doc. #13] (July 14, 2008) (asserting only "that service of process on this defendant is insufficient.").  Hence, *Way* is distinguishable and does not require dismissal of Plaintiff's claims against City of Columbia.

Even if this court were to conclude that Plaintiff lacked "good cause" for failing to properly effect service on City of Columbia, a court-ordered extension of the period for effecting service would remain the optimal course of action for several reasons.  First, extending the period for effecting service is consistent with the preferred practice of the other courts in this circuit.  *See, ante*, at 4.  Second, Plaintiff should now be able to properly effect service on the appropriate city employee.  Third, City of Columbia has demonstrated no particular prejudice suffered as a result of the delay and had actual notice of the claim no later than March 26, 2008.  Fourth, as City of Columbia acknowledges, dismissal would likely cause Plaintiff's suit to be barred by the statute of limitations.  *See* Def.'s Br. at 5 [Doc. #16] (July 18, 2008).  Finally, an extension of the time for service would be warranted, even absent the court's finding of "good cause," due to the good faith efforts made by Plaintiff's counsel to properly effect service before the deadline for doing so had passed.

---

[1] "Under FED. R. CIV. P. 12(b) there is no longer any necessity for appearing specially to protest the court's jurisdiction or question the sufficiency of process or service of process.  All such objections are assertable in an answer or motion to dismiss pursuant to Rule 12(b) . . . ."  *Hous. Auth. of City of Atlanta, Ga. v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973).

## IV. CONCLUSION

Because Plaintiff's counsel has established "good cause" for its failure to effect valid service on City of Columbia, this court will provide an extension for an appropriate amount of time for Plaintiff to effect service.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Defendant's motion to dismiss [Doc. # 15] is **denied**.  Furthermore, IT IS ORDERED that Plaintiff shall be allowed 30 days to properly effect service on City of Columbia.

SO ORDERED AND ADJUDGED on this, the 20th day of August, 2008.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE