IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**GODFREY STEPNEY**                                                            **PLAINTIFF**

**v.**                                         **CIVIL ACTION # 2:07cv250-KS-MTP**

**CITY OF COLUMBIA;** and
**DAVID HUBER,** in both his
individual and official capacity                                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion to dismiss [Doc. #27] filed by Defendant David Huber, a police officer with the City of Columbia. The question presented is whether Plaintiff Godfrey Stepney's amended complaint sufficiently pleads one or more claims against Officer Huber not barred by qualified immunity. Stepney has alleged detailed facts relating to his claims that Officer Huber employed unconstitutionally excessive force and that Officer Huber violated Mississippi state tort law. Thus, for the purpose of this motion to dismiss, Stepney has established that Officer Huber's plea of qualified immunity cannot be sustained as to those claims and the instant motion to dismiss should therefore be **granted in part**. Because Stepney has not established same regarding the other claims he alleges against Officer Huber in the complaint, the motion to dismiss should be **denied in part**, as to those claims.

## I. BACKGROUND

Stepney brings several claims against Officer Huber and the City of Columbia arising from Officer Huber's conduct. Huber is alleged to have forcibly removed Stepney from his car and to have violently thrown him to the ground after conducting a traffic stop of Stepney's

vehicle. Given the posture of the case, the Court recites the allegations made by Stepney in his complaint as though they are undisputed facts.

On October 14, 2004, the day of the altercation, Stepney was parked in front of a fire station. Officer Huber pulled up in a patrol car adjacent to Stepney's vehicle and instructed Stepney to move. Following a brief "verbal exchange," Stepney complied with Officer Huber's instruction and drove off without speeding or otherwise operating the vehicle in an unlawful manner. Officer Huber nonetheless initiated a traffic stop, presumably on the grounds of a (subsequently dismissed) charge of misdemeanor careless driving. After Stepney had stopped, Officer Huber "approached Stepney's vehicle, opened the door of Stepney's vehicle, pulled Stepney out and violently threw him to the ground . . . ." Pl.'s Amend. Compl. at ¶ 7 [Doc. #34] (February 5, 2009). Officer Huber's actions caused "Stepney to sustain physical and other injuries." *Id.* At no time during the incident did Stepney attempt to evade or resist arrest or otherwise refuse to comply with Officer Huber's instructions.

Stepney filed suit on October 11, 2007. Stepney alleges claims under 42 U.S.C. § 1983 and Mississippi state law against Officer Huber as well as claims against the City of Columbia. After the parties submitted their briefs regarding the instant motion, the Court concluded that Stepney's complaint failed to meet the heightened pleading standard required in this circuit for plaintiffs whose claims implicate qualified immunity. Ct. Ord. at 2 [Doc. #33] (January 22, 2009) (citing *Elliott v. Perez*, 751 F.2d 1472, 1482 (5th Cir. 1985)). The Court granted Stepney leave to amend his complaint, *id.* at 2-3, and Stepney filed an amended complaint on February 5, 2009. [Doc. #34]. Though given the opportunity to do so, the parties declined to supplement their briefs after Stepney had amended his complaint.

## II. STANDARD OF REVIEW

### A. Federal Law

"Governmental immunity is a threshold question which acts as a bar to a court's right to adjudicate the claim." *Sutton v. United States*, 819 F.2d 1289, 1299 (5th Cir. 1987) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Because qualified immunity is "an immunity from suit rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell* v. *Forsyth*, 472 U.S. 511, 526 (1985) (emphasis omitted).

"When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam). "[T]he legally relevant factors bearing upon the . . . question will be different on summary judgment than on an earlier motion to dismiss." *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996). "At the earlier stage, 'it is the defendant's conduct *as alleged in the complaint* that is scrutinized for 'objective legal reasonableness.' " *McClendon*, 305 F.3d at 323. Hence, courts treat the plaintiff's contentions as true for the purposes of resolving such motions. *See Babb v. Dorman*, 33 F.3d 472, 479 (5th Cir. 1994). However, "to state a claim, a pleader must allege facts, not legal conclusions." *Hanson v. Town of Flower Mound*, 679 F.2d 497, 504 (5th Cir. 1982). The Fifth Circuit has emphasized that plaintiffs alleging claims likely to raise the issue of qualified immunity must allege with particularity all material facts, including "detailed facts supporting the contention that the plea of immunity cannot be sustained." *Elliott*, 751 F.2d at 1482, *overruled on other grounds by Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993); *accord*

*Babb*, 33 F.3d at 477 (indicating that courts in this circuit remain bound by the heightened pleading standard announced in *Elliot*).

### B. State Law

Police officers enjoy immunity from liability for Mississippi state law claims under the Mississippi Annotated Code, which states in relevant part that

> A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
>
> (c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury;

MISS. CODE ANN. § 11-46-9(1).

## III. APPLICATION AND ANALYSIS

### A. Immunity Under Federal Law

"Qualified immunity is designed to protect government officials in limited circumstances." *Hathaway v. Bazany*, 507 F.3d 312, 320 (5th Cir. 2007). The immunity protects officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818. This means that "[e]ven law enforcement officials who reasonably but mistakenly commit a constitutional violation are entitled to immunity." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)).

"[C]ourts evaluating § 1983 claims based on allegedly unconstitutional conduct by state

4

actors should conduct a two-prong inquiry to determine whether the state actors are entitled to qualified immunity." *McClendon*, 305 F.3d at 322 (citing *Siegert v. Gilley*, 500 U.S. 226, 232-34 (1991)). The sequence for conducting the inquiry was formerly mandatory, *Saucier v. Katz*, 533 U.S. 194, 200 (2001), but the Supreme Court has recently held that district courts may proceed out of sequence when appropriate. *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). Here, the Court will proceed in the formerly mandated order.

**1. Stepney Has Alleged a Violation of a Clearly Established Constitutional Right**

"The first step is to determine whether the plaintiff has alleged a violation of a clearly established constitutional right." *Colston v. Barnhart*, 130 F.3d 96, 99 (5th Cir. 1997). The right to be free from excessive force – which Officer Huber allegedly violated – is clearly established. *E.g.*, *Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008).

"To bring a § 1983 excessive force claim under the Fourth Amendment, a plaintiff must first show that she was seized." *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004) (citing *Graham v. Connor*, 490 U.S. 386, 388 (1989)). "A routine traffic stop is a limited seizure." *E.g.*, *United States v. Estrada*, 459 F.3d 627, 630 (5th Cir. 2006).

In addition, to plead a § 1983 excessive force claim, "the plaintiff must allege: (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need, and (3) the use of force that was objectively unreasonable." *Bush*, 513 F.3d at 500-01. Courts in this circuit "no longer require 'significant injury' for excessive force claims, [but] the injury must be more than de minimis." *Tarver v. City of Edna*, 410 F.3d 745, 752 (5th Cir. 2005) (citing *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999)); *Bush*, 513 F.3d at 501 ("an injury is generally legally cognizable when it results from a degree of force that is constitutionally

5

impermissible"); *see also Flores*, 381 F.3d at 397 (rejecting "argument that psychological injuries alone are never sufficient to sustain a Fourth Amendment claim."). "The objective reasonableness of the force . . . depends on the facts and circumstances" of the case. *Bush*, 513 F.3d at 501.

Here, Stepney has satisfied the first step. Under Stepney's version of events, Officer Huber initiated the traffic stop because Stepney had been parked in front of a fire station. Stepney complied with all of Officer Huber's commands – including the direction to move his vehicle – and never evaded or resisted arrest. Officer Huber nonetheless forcibly removed Stepney from his vehicle and "violently threw him to the ground thereby causing Stepney to sustain physical and other injuries." Pl.'s Amend. Compl. at ¶ 7. Thus, Stepney has alleged injuries, resulting directly and solely from force that was excessive to the need and objectively unreasonable under the circumstances.

**2. Officer Huber's Alleged Conduct Was Objectively Unreasonable Under Clearly Established Law**

"Even though an officer's use of force must be objectively unreasonable to violate constitutional rights, a defendant's violation of constitutional rights can still be objectively reasonable if the contours of the constitutional right at issue are sufficiently unclear." *Bush*, 513 F.3d at 501. "[W]hile the right to be free from excessive force is clearly established in a general sense, the right to be free from the degree of force employed in a particular situation may not have been clear to a reasonable officer at the scene." *Id.* at 502.

In deciding this question, the Court "must determine whether 'the totality of the circumstances justified' the particular use of force." *Ramirez v. Knoulton*, 542 F.3d 124, 129 (5th Cir. 2008) (quoting *Tennessee v. Garner*, 471 U.S. 1, 9 (1985)). "The 'reasonableness' of a

6

particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. This is an objective standard: "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397. This test "allow[s] for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." *Id.* "To gauge the objective reasonableness of the force used by a law enforcement officer, the Court must balance the amount of force used against the need for force." *Flores*, 381 F.3d at 399 (internal quotation marks and citations omitted). Three factors are of particular importance in determining objective reasonableness: (1) the severity of the crime, (2) whether the plaintiff posed an immediate threat to the safety of the officer or others, and (3) whether the plaintiff was actively resisting arrest or was attempting to evade arrest. *Gutierrez v. City of San Antonio*, 139 F.3d 441, 447 (5th Cir. 1998).

Officer Huber likely had the authority to arrest Stepney based on a misdemeanor charge of careless driving. *See Spencer v. State*, 908 So. 2d 783, 785 (Miss.Ct.App. 2005). At the time of Stepney's arrest, "the law was clearly established that . . . the right to make an arrest 'necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it.' " *Bush*, 513 F.3d at 502 (quoting *Saucier*, 533 U.S. at 208); *but c.f. Petta v. Rivera*, 143 F.3d 895, 902 (5th Cir. 1998) ("the only action necessary under the circumstances was the issuance of a traffic ticket. If [the officer] had performed that act promptly and professionally, the use of excessive force would not have become an issue."). Nonetheless, "the permissible

degree of force depends on the severity of the crime at issue, whether the suspect posed a threat to the officer's safety, and whether the suspect was resisting arrest or attempting to flee." *Bush*, 513 F.3d at 502. Under Stepney's version of the events, he was not resisting arrest or attempting to flee, but in fact was totally compliant when Officer Huber forcibly removed him from his vehicle and "violently threw him to the ground." Stepney's criminal conduct in this case – presumably the act of parking in front of a fire station – was utterly non-severe. Although this conduct could potentially disrupt the fighting of fires, there is no indication that it caused any ill-effect in this case.

"[T]he Fourth Amendment's reasonableness test is 'not capable of precise definition or mechanical application.' " *Id.* at 502 (quoting *Graham*, 490 U.S. at 396). Nonetheless, the test is clear enough that Officer Huber should have known that he could not forcibly remove and then violently throw to the ground a motorist who had merely parked in front of a fire station, moved his vehicle when asked to do so, and who posed no threat to anyone's safety. This is not a conclusion based on 20/20 hindsight; instead, it is based on the Court's conclusion that the circumstances faced by Officer Huber would not have caused a reasonable officer to have employed that degree of force used. *See generally Coons v. Lain*, 277 Fed. App'x 467, 470 (5th Cir. 2008) (unpublished) (finding genuine issues of material fact regarding excessive force claim because police officer may have tackled, slammed, and thrown a suspect who was only complying with the officer's directions); *Martinez-Aguero v. Gonzalez*, 459 F.3d 618, 626 (5th Cir. 2006) (officer would have been objectively unreasonable to have grabbed, twisted the arms of, and kicked a suspect who had been "entirely docile and compliant . . . with the exception of one stray remark"); *Drake v. City of Pearl*, 494 F. Supp. 2d 437, 440 n.4 (S.D.Miss. 2007) ("the

8

mere fact that a motorist has committed a traffic infraction . . .does not authorize the officer to use excessive force to arrest that person.").

Officer Huber argues, however, that the Court should conclude his actions were objectively reasonable based on the presence of certain allegations in Stepney's complaint. Officer Huber argues that because Stepney alleges a failure to train claim against the City of Columbia, it follows that any Columbia Police Department officer could reasonably be expected to have acted in the same manner Officer Huber did. Officer Huber argues that his actions were therefore objectively reasonable. This argument is meritless for several reasons. First, it overlooks the permissibility of alternative pleading. *See generally* FED. R. CIV. P. 8. Second, the standard for evaluating objective reasonableness, set forth in detail above, is not steered by what a reasonable officer *in the same department* would do. *See, e.g.*, *Roberts v. City of Shreveport*, 397 F.3d 287 (5th Cir. 2005) (discussing compatibility of failure to train claim with excessive force claim); *Gutierrez*, 139 F.3d at 447 (court refused to grant summary judgment in favor of officer despite evidence that technique used was not prohibited by their department). Moreover, the objective reasonableness standard requires the Court to determine what a reasonably well-trained police officer would do in the situation presented. *E.g.*, *Gutierrez*, 139 F.3d at 447 (court considered evidence of facts that would be "known to reasonably well-trained police officers in [the state] at that time").

### B. Immunity Under State Law

To determine whether Officer Huber is entitled to immunity under Mississippi law, the Court must resolve whether Stepney alleges that: 1) He was not engaged in criminal activity at the time of the injury; and 2) Officer Huber acted in reckless disregard for Stepney's safety. *City*

9

*of Jackson v. Powell*, 917 So. 2d 59, 71 (Miss. 2005); *see generally* MISS. CODE ANN. § 11-46-9(1)(c). Stepney alleges that he had already moved his vehicle, based on Officer Huber's request, and therefore was not engaged in criminal activity at the time of the incident. *See* Pl.'s Amend. Compl. at ¶¶ 7-8. Stepney further alleges that he violated no traffic laws when he drove away. *See id.* Hence, the first issue is resolved in Stepney's favor, and the Court must proceed to the second issue. *C.f. Lee v. Storr*, NO. 1:05-CV-439, 2007 U.S. Dist. LEXIS 56497, *8 (S.D.Miss. Aug. 2, 2007) ("a genuine issue of material fact exists regarding whether Plaintiff was engaged in criminal activity at the time of the arrest, since Plaintiff asserts he committed no crime."). Any argument that the act of parking in front of the fire station constituted criminal activity under the Mississippi immunity provision is rejected. *See Shelton v. City of Laurel*, No.2:06-CV-111, 2007 U.S. Dist. LEXIS 28504, *19 (S.D.Miss. Apr. 16, 2007) (citing *Estate of Williams ex rel. Williams v. City of Jackson*, 844 So. 2d 1161, 1165 (Miss. 2003)) ("there must be a causal nexus between the plaintiff's criminal activity and the tortfeasor's wrongdoing.").

As to the second issue, Stepney clearly alleges actions by Officer Huber that rise to the level of reckless disregard as defined by Mississippi law. "Reckless disregard" has been described by the Mississippi Supreme Court as "a higher standard than gross negligence [that] 'embraces willful or wanton conduct[,] which requires knowingly and intentionally doing a thing or wrongful act.' " *Powell*, 917 So. 2d at 71 (citations omitted). "In order to establish 'reckless disregard,' . . . [plaintiffs] must show facts from which a trier of fact could conclude that: (1) [the officer's] conduct created an unreasonable risk; (2) this risk included a high probability of harm; (3) [the officer] appreciated the unreasonable risk; and (4) [the officer] deliberately disregarded that risk, evincing 'almost a willingness that harm should follow.' " *McGregory v. City of*

10

*Jackson*, No. 3:06-CV-561, 2008 U.S. Dist. LEXIS 69004, *24 (S.D.Miss. Sept. 11, 2008) (quoting *Vo v. Hancock County*, 989 So. 2d 414 (Miss.Ct.App. 2008)). By forcibly removing Stepney from his vehicle and violently throwing him to the ground, Officer Huber should have appreciated and therefore seems to have deliberately disregarded the high probability that Stepney would be harmed. As a result, Stepney has pleaded claims not barred by Mississippi's provision of immunity to police officers.

## IV. CONCLUSION

Stepney has alleged sufficient facts to state a viable claim of unconstitutionally excessive force under § 1983 as well as claims arising under Mississippi state tort law. Stepney has made no effort to maintain any § 1983 claims in addition to the excessive force claim, however. Accordingly, any of Stepney's claims alleging that Officer Huber violated additional constitutional rights should be dismissed with prejudice.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Defendant's motion to dismiss [Doc. # 27] is **granted in part** and **denied in part**.

SO ORDERED AND ADJUDGED on this, the 18th day of February, 2009.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE